UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DUANE GARRETT, *et ux.*,

    Plaintiffs,

v.                                                       Civil Action No. 3:08cv792

GULF STREAM COACH, INC., *et al.*,

    Defendants.

## MEMORANDUM OPINION

Plaintiffs Duane and Shelby Garrett filed a Complaint against Defendants Gulf Stream Coach, Inc. ("Gulf Stream") and Ford Motor Company in the Circuit Court for the City of Richmond, alleging violations of the Magnuson-Moss Federal Trade Commission Act, 15 U.S.C. § 2301 *et seq.*, the Virginia Uniform Commercial Code, Va. Code § 8.2-301 *et seq.*, and the Virginia Consumer Protection Act, Va. Code § 59.1-196 *et seq.*

Gulf Stream timely removed the action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.[1] The parties consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). Gulf Stream has filed a Motion to Dismiss for Improper Venue or Alternatively to Transfer Venue ("Gulf Stream's motion") (Docket Nos. 1, 12), which Ford Motor Company incorporated by reference (Docket No 11). The parties briefed the matter, and the Court heard oral argument on March 3, 2009. Accordingly, Gulf Stream's motion is ripe for adjudication.

---

[1] Federal subject matter jurisdiction is proper under either 28 U.S.C. §§ 1331 and 1367 (based on Plaintiffs' claim arising from the Magnuson-Moss Act, a federal law) or § 1332 (based on the diversity of the parties, all of whom are citizens of different states, and the amount in controversy, in that Plaintiffs are seeking treble damages for the $55,394.86 purchase price of the vehicle).

## I. Facts

The Complaint arises from the Garretts' purchase of a 2009 Gulf Stream Conquest recreational vehicle (the "vehicle") from McGeorge's Rolling Hills RV Superstore in Ashland, Virginia. The Garretts purchased or leased the vehicle on March 28, 2008, for approximately $55,394.86. They allege that generator problems and leaks have substantially impaired the value of the vehicle, that Defendants ineffectively repaired the vehicle, and that they notified Gulf Stream of their intention to revoke acceptance of the vehicle. The Garretts now seek the full purchase price of the vehicle, collateral charges, finance charges, and incidental and consequential damages as to their breach of express and implied warranty claims under state and federal law. For the alleged violation of the Virginia Consumer Protection Act, Plaintiffs seek treble damages.

On April 18, 2008, approximately three weeks after they purchased the vehicle, Plaintiffs signed Gulf Stream's "Motorized Limited Warranty." (Def.'s Mem. Law Supp. Mot. Dismiss ("Def.'s Mem.") Ex. B.) (Docket No. 12.) The Limited Warranty states that it is "expressly IN LIEU of any other express warranty and is further IN LIEU of any implied warranty." The Limited Warranty provides that the dealer will repair or replace any defective parts in the vehicle for one year from purchase, two years for structural defects.

The Limited Warranty contains a paragraph entitled "Jurisdiction and Applicable Law." It states:

> **7. JURISDICTION AND APPLICABLE LAW**
> Exclusive jurisdiction for deciding any claims, demands or causes of action for defects or representations of any nature or damages due from such defects or representations shall be in the courts in the State of Manufacture. The laws applicable to any litigation, dispute, mediation, arbitration or any claim whatsoever

arising from the sale, purchase, or use of the recreational vehicle shall be those of the State of Manufacture. The State of Manufacture of the recreational vehicle is Indiana.

(Def.'s Mem. Ex. B.) The last clause of the last paragraph of the Limited Warranty, directly above the signature lines, states:

> **I/WE HEREBY ACKNOWLEDGE THAT . . . THE PROVISIONS HEREOF PROVIDING THAT THE EXCLUSIVE JURISDICTION FOR ANY CLAIMS WHATSOEVER SHALL BE IN THE COURTS IN THE STATE OF MANUFACTURE AND THAT THE APPLICABLE LAW SHALL BE THE LAW OF THE STATE OF MANUFACTURE.**

(*Id.*)

Both Duane and Shelby Garrett also signed a vehicle registration form (the "Registration") on the date Plaintiffs purchased the vehicle. This registration form states directly above the signature lines: "I CERTIFY THAT THE INDEPENDENT DEALER . . . EXPLAINED . . . ALL WARRANTIES. I . . . ACKNOWLEDGE RECEIPT OF THE GULF STREAM COACH, INC. LIMITED WARRANTY AND . . . AGREE TO COMPLY WITH [ITS] TERMS." (Def.'s Mem. Ex. C.)

## II. Procedural History and Issue Presented

Defendants now move to dismiss for improper venue, pursuant to Federal Rule of Civil Procedure 12(b)(3),[2] or alternatively to transfer venue to the Northern District of Indiana,

---

[2] "**(b) How to Present Defenses.** Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
 . . . (3) improper venue. . . ." Fed. R. Civ. P. 12(b)(3).

pursuant to 28 U.S.C. §§ 1404(a)[3] and 1406(a),[4] because the forum selection clause in the Limited Warranty makes venue proper only in Indiana. Plaintiffs oppose Gulf Stream's motion on the basis that it would be fundamentally unfair to require Plaintiffs to litigate in the distant forum of the Northern District of Indiana, arguing that Defendants are better situated to bear such a burden. The Court evaluates the viability of Gulf Stream's motion below.

### III. Standard of Review

Rule 12(b)(3) provides the proper procedural vehicle for a party to move to dismiss an action on the basis that a forum-selection clause governs the dispute. *Sucampo Pharms., Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 550 (4th Cir. 2006). Unlike Rule 12(b)(6), Rule 12(b)(3) permits a court to consider evidence outside the pleadings. *Id.*

When faced with a motion to enforce a forum selection clause, a court must first discern whether the clause is mandatory or permissive. *TECH USA, Inc. v. Evans*, 592 F. Supp. 2d 852, 856 (D. Md. 2009); *Rice Contracting Corp. v. Callas Contractors, Inc.*, No. 1:08cv1163, 2009 WL 21597, at *2 (E.D. Va. Jan. 2, 2009). A mandatory forum selection clause contains "clear language showing that jurisdiction is appropriate only in the designated forum." *TECH USA*, 592 F. Supp. 2d at 856 (quotation omitted).

Forum selection clauses are prima facie valid. *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972); *Carnival Cruise Lines v. Shute*, 499 U.S. 585, 595 (1991); *see also Paul Bus.*

---

[3] "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

[4] "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

*Sys., Inc. v. Canon U.S.A., Inc.*, 397 S.E.2d 804, 807 (Va. 1990) (forum selection clauses "are prima facie valid and should be enforced, unless the party challenging enforcement establishes that such provisions are unfair or unreasonable, or are affected by fraud or unequal bargaining power"). A party challenging its validity has a "heavy burden of proof, "*M/S Bremen*, 407 U.S. at 17, to "*clearly* show that enforcement would be unreasonable and unjust," *id.* at 15 (emphasis added). The United States Court of Appeals for the Fourth Circuit evaluates the reasonableness of a forum selection clause in a four part test:

> (1) their formation was induced by fraud or overreaching;
> (2) the complaining party "will for all practical purposes be deprived of his day in court" because of the grave inconvenience of the selected forum;
> (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or
> (4) their enforcement would contravene a strong public policy of the forum state.

*Allen v. Lloyd's of London*, 94 F.3d 923, 928 (4th Cir. 1996). Plaintiffs rely solely on the second factor, the "grave inconvenience" posed to Plaintiffs by the prospect of litigating their claims in Indiana. Plaintiffs do not contest the other reasonableness factors.

A court in this District recently evaluated the proper procedural basis for a party's alternative motion to dismiss or transfer to another district based on a forum selection clause between the parties. *Hipage Co., Inc. v. Access2Go, Inc.*, 589 F. Supp. 2d 602 (E.D. Va. 2008) (Friedman, J.) (adopting Report and Recommendation of Miller, M.J.). In that well-reasoned opinion, the court declined to conduct a venue analysis under 28 U.S.C. § 1391,[5] instead adopting

---

[5] In *Fixture Specialists, Inc. v. Global Constr. Co.*, No. 3:07cv570, 2007 WL 3468997 (E.D. Va. Nov. 14, 2007), the court considered a motion to dismiss on the basis of a forum-selection clause. Evaluating the motion under Rule 12(b)(3), as required by *Sucampo*, the court first conducted a venue analysis under § 1391 and determined that venue was not proper in the Eastern District of Virginia. The parties' claims involved construction bonds containing a forum selection clause designating venue in New Jersey, and the events giving rise to the claims

the approach that an enforceable forum selection clause renders venue improper *per se* in any forum other than the designated one. *Id.* at 611. The *Hipage Co.* court noted that the Fourth Circuit conducted no § 1391 analysis in *Sucampo*: "[I]mportantly, the court deemed venue improper solely because the forum selection clause was valid." *Id.* at 610 (*citing Sucampo*, 471 F.3d at 550-51). Thus, the *Hipage Co.* court concluded that controlling precedent allows a court asked to dismiss or transfer a case based on a forum selection clause to either dismiss the action under Rule 12(b)(3), or, if "in the interest of justice," transfer the action under 28 U.S.C. § 1406.[6] *Id.* This Court, guided by the *Hipage Co.* decision, will consider three issues seriatim: (1) whether the forum selection clause at issue is mandatory or permissive; (2) whether the forum selection clause is enforceable; and, (3) whether the interest of justice requires transfer of this case to the Northern District of Indiana.

## IV. Analysis

### A. The Forum Selection Clause is Mandatory

The forum selection clause at issue in this case is clearly mandatory rather than permissive. A mandatory forum selection clause contains language unambiguously indicating that the venue indicated is the exclusive venue in which claims can be brought. *Rice*

---

occurred in New Jersey. Because venue was improper in the Eastern District of Virginia but clearly would lie in New Jersey, the court transferred the action to the District of New Jersey pursuant to 28 U.S.C. § 1406(a).

[6] The *Hipage Co.* court discussed the division among the courts as to whether section 1404(a) or 1406(a) should govern the transfer analysis, and determined that "the majority of persuasive precedent favors the application of § 1406(a)" rather than § 1404(a), given the Fourth Circuit's indication in *Sucampo* that an enforceable forum selection clause renders venue improper. 589 F. Supp. 2d at 610-11. Therefore, the Court does not address Defendants' argument premised on section 1404(a), finding it unnecessary to do so.


*Contracting*, at *2. The Limited Warranty unambiguously states, "*Exclusive* jurisdiction for deciding *any* claims, demands, or causes of action for defects or representations of any nature or damages due from such defects or representations shall be in the courts in the State of Manufacture." (Def.'s Mem. Ex. B.) (Emphasis added.) Both Plaintiffs signed a contract containing this mandatory language. The Court must enforce the forum selection clause unless Plaintiffs can show it would be unreasonable to do so.

### B. Enforceability of Forum Selection Clause

The Supreme Court has instructed that courts should specifically enforce forum selection clauses, unless the party opposing it can "clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *M/S Bremen*, 407 U.S. at 15. Plaintiffs' primary argument for disregarding the forum selection clause is that it would be "unfair" and "inconvenient" to the Plaintiffs. (Pls.' Resp. to Def.'s Mot. to Dismiss for Improper Venue or in the Alternative to Transfer Venue ("Pls.' Resp.") 6.) (Docket No. 15.) This argument fails. Plaintiffs offered no evidence supporting their position. The Court cannot find that Plaintiffs made any "strong showing" as required by *M/S Bremen*, 407 U.S. at 15, or met their "heavy burden of proof," *id.* at 17, *quoted in Carnival Cruise Lines*, 499 U.S. at 595, as to why the Court should not enforce the forum selection clause to which they voluntarily agreed.

Plaintiffs cannot show that they will suffer "grave inconvenience" should venue transfer to Indiana. *Allen*, 94 F.3d at 928; *see also Allianz Ins. Co. of Can. v. Cho Yang Shipping Co.*, 131 F. Supp. 2d 787, 794-95 (E.D. Va. 2000). While it would be more convenient for Plaintiffs to litigate in the Eastern District of Virginia, they failed to provide any evidence of their inability

to litigate in the designated forum or that the forum selection clause, if enforced, will for all practical purposes deprive them of their day in court.[7] *See Johnson v. Ford Motor Co.*, No. Civ. A 2:04-1311, 2005 WL 2353469, at *3 (S.D. W. Va. Sept. 26, 2005). Moreover, Plaintiffs could have foreseen this inconvenience given the conspicuous placement of the forum selection language in the Limited Warranty and Registration they signed.

Plaintiffs' argument that the Court should hold the Limited Warranty unconscionable as an adhesion contract similarly fails. A mere lack of actual bargaining will not render a forum selection clause unenforceable. *See Carnival Cruise Lines*, 499 U.S. at 593-94 (noting that forum selection clauses in form contracts "well may be permissible," notwithstanding that the terms of such contracts are not subject to bargaining). Absent evidence of a bad-faith motive, disparity in bargaining power does not render a forum selection clause fundamentally unfair. *Id.* at 595. Plaintiffs suggest bad faith by Defendants because they make "litigation so vexatious and expensive that an injured party could not seek any remedy." (Pls.' Resp. 11.) This allegation disregards the legitimate interests *Carnival Cruise Lines* recognized as justifying the enforceability of forum selection clauses in form contracts. Such clauses preserve judicial and litigant resources by determining, *ex ante*, where suits must be brought and defended, and benefit consumers who enjoy lower prices "reflecting the savings that the [party with greater bargaining power] enjoys by limiting the fora in which it may be sued." *Id.* at 594. The clause is clearly

---

[7] Nor do Plaintiffs allege that an Indiana court would be incapable of effectively deciding the issues in this case or that the law of Indiana, applicable to their claims by the terms of the Limited Warranty, would foreclose the availability of all remedies for their cause of action. *See Oldenburg v. Gulf Stream Coach, Inc.*, No. 06-3520, 2007 WL 1425487, at *8 (D. Minn. May 11, 2007) (noting Gulf Stream's argument that Indiana courts "are already familiar with the issues, having heard a number of similar consumer complaints regarding Gulf Stream's products.").

enforceable,[8] rendering venue in this district improper, and the action subject to dismissal under Rule 12(b)(3). *Hipage Co.*, 589 F. Supp. 2d at 613.

### C. Whether Dismissal or Transfer is Appropriate under 1406(a)

Gulf Stream moves, in the alternative, to transfer the case pursuant to 28 U.S.C. § 1406(a). (Gulf Stream's Reply Mem. Supp. Mot. Dismiss for Improper Venue or Alternatively Mot. Transfer Venue ("Gulf Stream's Reply Mem.") 6.) (Docket No. 17.) The central inquiry in determining whether the "interest of justice" requires transfer rather than dismissal regards the effect on the plaintiff. *Hipage Co.*, 589 F. Supp. 2d at 611. Dismissal for improper venue where venue would properly lie elsewhere "would serve no real purpose other than to add the additional expense of re-filing the case." *Simpson v. Snyder's of Hanover, Inc.*, No. 1:05CV354, 2006 WL 1642227, at *7 (W.D.N.C. June 12, 2006). Gulf Stream does not object to transfer in lieu of dismissal. (Gulf Stream's Reply Mem. 6.) Because venue properly lies only in Indiana, and section 1406 allows a court to cure improper venue by transferring the action, the Court will GRANT Gulf Stream's Motion to Transfer pursuant to section 1406. Concomitantly, Gulf Stream's motion to dismiss will be DENIED.

---

[8] Other courts have found this very forum selection clause enforceable. *See, e.g., Scholl v. Sagon RV Supercenter, LLC*, 249 F.R.D. 230, 243 (W.D.N.C. 2008) (noting that "several other District Courts have upheld the very same forum selection clause at issue in this case, and that Plaintiff has not demonstrated that litigating in the Northern District of Indiana would be any more inconvenient for her than it was for the parties in previous cases.").

## V. Conclusion

For the foregoing reasons, Gulf Stream's motion will be GRANTED IN PART and DENIED IN PART. The Court shall DENY Gulf Stream's Motion to Dismiss. The Court shall GRANT Gulf Stream's Motion to Transfer. The entire action will be TRANSFERRED to the United States District Court for the Northern District of Indiana.

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States Magistrate Judge

Date: April 7, 2009
Richmond, Virginia